UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| RAWSON INC., | ) |
| | ) |
| Plaintiff/Counterclaim-Defendant, | ) CASE NO. 2:24-cv-01012-JHR-KRS |
| | ) |
| vs. | ) |
| | ) |
| ASSOCIATED MATERIALS, LLC, | ) |
| | ) |
| Defendant/Counterclaim-Plaintiff. | ) |
| | ) |

**ORDER GRANTING [61] JOINT MOTION FOR ENTRY
OF AGREED CONFIDENTIALITY ORDER**

Currently before the Court is the Joint Motion For Entry Of Agreed Confidentiality Order, filed by Plaintiff/Counterclaim-Defendant Rawson Inc. and Defendant/Counterclaim-Plaintiff Associated Materials, LLC. (Doc.61). Finding good cause and noting the agreement of the parties, the Court grants the Motion and enters the parties Agreed Confidentiality Order, with slight modifications, as follows:

**AGREED CONFIDENTIALITY ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, to expedite the flow of discovery material and facilitate the prompt resolution of disputes over confidentiality, Plaintiff/Counterclaim-Defendant Rawson Inc. and Defendant/Counterclaim-Plaintiff Associated Materials, LLC have agreed to the terms of this Agreed Confidentiality Order. Accordingly, it is ORDERED:

1.      Any party to this litigation and any third party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains private or confidential personal or business information, or (b) that contains information received in confidence from third parties, or (c) which the producing

party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any party to this litigation or any third party covered by this Order who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO AGREED CONFIDENTIALITY ORDER" (hereinafter, "Confidential").

2.   Any party to this litigation and any third party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales, or other highly confidential business information, or (b) that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO AGREED CONFIDENTIALITY ORDER" (hereinafter, "Attorneys' Eyes Only").

3.   All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the receiving party to anyone other than the individuals set forth in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by order of the Court.

It is, however, understood that counsel for a party may give advice and opinions to their client solely relating to the above-captioned action based on their evaluation of Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential material except by prior written agreement of counsel for the parties, or by order of the Court.

4.  Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

    a.  Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

    b.  Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a copy of the Confidentiality Acknowledgement attached hereto as Exhibit A;

    c.  Secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

    d.  The Court and court personnel;

    e.  Any deponent may be shown or examined on any information, document, or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document, or thing, or if the producing party consents to such disclosure;

    f.  Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial, and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

g.   The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit, provided they have signed a copy of the Confidentiality Acknowledgement attached hereto as Exhibit A.

5.   Confidential material shall be used only by individuals permitted access to it under Paragraph 4. Confidential material, copies thereof, and the information contained therein shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6.   Material produced and marked as Attorneys' Eyes Only may be disclosed only to the following individuals under the following conditions:

a.   Outside counsel;

b.   Outside experts or consultants retained by outside counsel for purposes of this action, subject to the provisions contained in paragraph 7 of this Order;

c.   Secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

d.   The Court and court personnel;

e.   Any deponent may be shown or examined on any information, document, or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, or if the producing party consents to such disclosure; and

f.   Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial, and/or hearings including, but not limited to, court reporters, litigation support personnel,

jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials.

7. In the event that counsel of record for a receiving party proposes to disclose material marked as Attorneys' Eyes Only to any independent consultant or expert retained for purposes of this litigation, said consultant or expert must first execute a copy of the Confidentiality Acknowledgement attached hereto as Exhibit A.

8. With respect to any depositions that involve a disclosure of Confidential or Attorneys' Eyes Only material of a party to this action, such party shall have thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential or Attorneys' Eyes Only, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than outside counsel and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than outside counsel during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential or Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3, 4, and 6.

9. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only objects to such designation of any or all of such items, the following procedure shall apply:

a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or

information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within fourteen (14) days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

      b.      If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall file a motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

      10.      This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file any document, or any portion of a document, designated as Confidential or Attorneys' Eyes Only in connection with a motion, brief or other submission to the Court, must file a motion seeking leave of court to file the document under seal. In general, before filing a motion for leave to seal a document filed with the Court, the parties should consider other steps to prevent the unnecessary disclosure of confidential information in court filings, such as redacting confidential information from the document to be filed. In the event a party seeks to file any document subject to this Order with the Court, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely

for in camera review; or, (c) when the preceding measures are inadequate, seeking leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal. The submitting party may file a document designated as Confidential or Attorneys' Eyes Only under this Order as a separate sealed exhibit before a sealing order is obtained. However, contemporaneously with that filing, the party must file a motion for leave to file the document under seal, identifying the party that has designated the material as confidential ("the designating party"). If the party filing the document designated Confidential or Attorneys' Eyes Only is the designating party, the motion for leave to file under seal should identify the confidential information contained in the document, explain why the document is sealable, and indicate whether the motion for leave to file under seal is opposed or unopposed. If the party filing the document is not the designating party, the designating party must provide a written explanation identifying the confidential information contained in the document, and stating why the designated material is sealable. The designating party's explanation may be provided to the filing party to be included with the filing party's motion to seal, or the designating party may file a separate notice with the required explanation. If the designating party's explanation is not included with the motion to file under seal, or is not filed as a separate notice within five (5) business days of the filing of the motion to file under seal, the motion to seal may be denied, in which case the filing party must file the document on the public record no earlier than four business days, and no later than ten days, after the motion to file under seal is denied.

11.     Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. If the need arises during trial or at any hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

12. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or Attorneys' Eyes Only material that should have been designated as such, regardless of whether the information, document, or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document, or thing disclosed, or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document, or thing as Confidential or Attorneys' Eyes Only under this Order.

13. When the inadvertent or mistaken disclosure of any information, document, or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document, or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege or work-product immunity, if appropriate, within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

14. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, where such receiving party is rightfully in possession

of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Order.

15.     This Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any party or third party to move the Court for modification or for relief from any of its terms.

16.     This Order shall survive the termination of this action and shall remain in full force and effect unless modified by an order of this Court or by the written stipulation of the parties filed with the Court.

17.     Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential material or to destroy, should the originating source so request, all copies of Confidential material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Order. To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

18.     This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

19.     This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a

judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

      IT IS SO ORDERED this 6th day of February, 2026.

                                                              */s/ Kevin Sweazea*
                                            KEVIN R. SWEAZEA
                                            UNITED STATES MAGISTRATE JUDGE

| | |
|---|---|
| **WE SO MOVE** <br> **and agree to abide by the** <br> **terms of this Order** | **WE SO MOVE** <br> **and agree to abide by the** <br> **terms of this Order** |
| */s/ Kathryn Brack Morrow* <br> Kathryn Brack Morrow <br> Mann Morrow, PLLC <br> 665 E. University Ave., Suite C <br> Las Cruces, NM 88005 <br> Phone: 915-226-0400 <br> Katy.Morrow@MannMorrow.com | */s/ Melanie B. Stambaugh* <br> Melanie B. Stambaugh <br> P.O. Box 1888 <br> Albuquerque, NM 87103 <br> Telephone: (505) 765-5900 <br> Facsimile: (505) 768-7395 <br> E-mail: mstambaugh@rodey.com |
| -and- | - and - |
| */s/ Thomas F. Zych* <br> Thomas F. Zych (0019942) (*pro hac vice*) <br> Tom.Zych@ThompsonHine.com <br> Mark R. Butscha, Jr. (0088854) (*pro hac vice*) <br> Mark.Butscha@ThompsonHine.com <br> Caitlin R. Thomas (0093847) (*pro hac vice*) <br> Caitlin.Thomas@ThompsonHine.com <br> **THOMPSON HINE LLP** <br> 3900 Key Center <br> 127 Public Square <br> Cleveland, Ohio 44114-1291 <br> Phone: 216-566-5500 <br> Fax: 216-566-5800 <br><br> *Attorneys for Plaintiff/Counterclaim-Defendant Rawson Inc.* | */s/ Michelle Fischer* <br> Michelle Fischer (pro hac vice) <br> Jacqueline Pasek (pro hac vice) <br> Patricia Ochman (pro hac vice) <br> Caitlin Dunnett Britton (pro hac vice) <br> JONES DAY <br> North Point <br> 901 Lakeside Avenue <br> Cleveland, Ohio 44114-1190 <br> Telephone: 216-586-3939 <br> Facsimile: 216-579-0212 <br> Email: mfischer@jonesday.com <br>        jmpasek@jonesday.com <br>        pochman@jonesday.com <br>        cdunnettbritton@jonesday.com <br><br> *Attorneys for Defendant/Counterclaim-Plaintiff Associated Materials, LLC* |

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | |
|---|---|
| RAWSON INC., | ) |
| Plaintiff/Counterclaim-Defendant, | ) CASE NO. 2:24-cv-01012-JHR-KRS |
| vs. | ) |
| ASSOCIATED MATERIALS, LLC, | ) |
| Defendant/Counterclaim-Plaintiff. | ) |

## **CONFIDENTIALITY ACKNOWLEDGEMENT**

I, _____ , being duly sworn, state that:

1. My address is _____ .

2. My present employer is _____ and the address of my present employment is _____ .

3. I have carefully read and understand the provisions of the Agreed Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Agreed Confidentiality Order.

4. I will hold in confidence and not disclose to anyone not qualified under the Agreed Confidentiality Order any Confidential or Attorneys' Eyes Only Material or any words, summaries, abstracts, or indices of Confidential or Attorneys' Eyes Only Information disclosed to me.

5. I will limit use of Confidential or Attorneys' Eyes Only Material disclosed to me solely for purpose of this action.

6. No later than the final conclusion of the case, I will return or destroy, if requested by the originating source, all Confidential and Attorneys' Eyes Only Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____      _____
                                                                       [Name]