## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

|  |  |  |
|---|---|---|
| RAWSON INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim-Defendant, | ) | CASE NO. 2:24-cv-01012-JHR-KRS |
| | ) | |
| vs. | ) | |
| | ) | |
| ASSOCIATED MATERIALS, LLC, | ) | |
| | ) | |
| Defendant/Counterclaim-Plaintiff. | ) | |
| | ) | |

**ORDER GRANTING [62] JOINT MOTION FOR ENTRY OF ORDER FOR THE DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

Currently before the Court is the Joint Motion For Entry Of Order For The Discovery Of Electronically Stored Information, filed by Plaintiff/Counterclaim-Defendant Rawson Inc. and Defendant/Counterclaim-Plaintiff Associated Materials, LLC. (Doc.62). Finding good cause and noting the agreement of the parties, the Court grants the Motion and enters the parties Stipulated Order For The Discovery Of Electronically Stored Information, with slight modifications, as follows:

**STIPULATED ORDER FOR THE DISCOVERY OF
<u>ELECTRONICALLY STORED INFORMATION</u>**

To govern discovery of electronically stored information in this action, and as a supplement to the Federal Rules of Civil Procedure and any other applicable orders and rules, Plaintiff/Counterclaim-Defendant Rawson Inc. and Defendant/Counterclaim-Plaintiff Associated Materials, LLC have agreed to the terms of this Order for the Discovery of Electronically Stored Information. Accordingly, it is ORDERED:

## I. ELECTRONICALLY STORED INFORMATION ("ESI")

1. Except as otherwise agreed upon by the parties, ESI will be produced as single-page, color-for-color, Group IV TIFF files accompanied by load files provided in Concordance/Relativity compatible formats such as .dat for the metadata and .opt for the images. The .dat file will contain all extracted metadata fields listed in Appendix A.

2. Excel and other spreadsheet files (*e.g.,* .xls, .xlsx, .csv), PowerPoint presentation files, and other native documents that cannot be produced in TIFF format (*e.g.*, Access database, audio and video), shall be produced in native format with a TIFF placeholder indicating that the file was produced natively and bearing a legible, unique identifier ("Bates number").

3. The extractable text metadata and text shall be produced in the same manner as other documents that originated in electronic form to the extent metadata exists or is reasonably accessible or available for any files produced. Text must be extracted electronically from native production, and OCR should only be applicable on hard copy documents and documents requiring redaction.

## II. BATES NUMBERING

4. Each page of a TIFF-produced document shall have a Bates number assigned and electronically "burned" onto the image. The identifier shall include an alpha prefix along with a fixed number, e.g., ABC000001. The Bates format is to remain consistent across all production numbers and be placed on the lower right corner of all images so as not to unreasonably obliterate or obscure any information. No other legend or stamp will be placed on the document image other than confidentiality legends (where applicable) or redactions.

III.     **ASSOCIATED DELIMITED TEXT FILE ANT METADATA FIELDS**

5. A database load file shall be provided in the Concordance/Relativity compatible ".dat" file format that holds metadata in fields as a delimited text load file. For the load file, use Concordance standard delimiters (ASCII 020 corresponding to a comma, ASCII 254 corresponding to a double quote, ASCII 174 corresponding to a new line, and a semicolon used to separate values). To the extent reasonably captured at the time of the collection, and not otherwise protected from disclosure, productions should include the metadata listed in Appendix A. The first line of the data load file should contain the field headers indicating the contents of each field, and each subsequent line should contain the fielded data for each document. To the extent that metadata does not exist, is not reasonably accessible, or available for any documents produced, nothing in this Order shall require any party to extract, capture, collect, generate or produce such data.

IV.     **PRIVILEGE LOGS**

6. A producing party shall prepare and serve privilege logs that shall satisfy Federal Rule of Civil Procedure 26(b)(5) by providing sufficient information to support and evaluate claims of privilege. Specifically, each entry on the log shall have a unique ID and shall include: (1) at least the metadata fields identified in Appendix A, (2) the privilege(s) being asserted with respect to each document (e.g., attorney-client privilege, attorney work product, etc.), and (3) an explanation for the basis of the privilege being asserted. Each attorney who is an author, recipient, or person copied on the material shall be identified by an asterisk (*).

7. If a metadata field would disclose information that a producing party asserts is privileged, it can be redacted, identified as redacted, and replaced by the producing party.

8. The privilege logs shall be submitted in a searchable and sortable electronic format (e.g., XLSX).

9.      The following type of information shall not be the subject of discovery and need not be placed on a privilege log: (1) attorney/client privileged, attorney work-product, or other applicable privileged communications, notes, drafts, memoranda or other work product exchanged solely between an employee of a party and outside counsel of record for that party related to this litigation; and (2) emails, notes, drafts, communications, memoranda, or other work product produced by or exchanged solely between any party to this litigation or its counsel, and/or a consultant retained by counsel for the party for purposes of this litigation or in anticipation thereof.

V.     **MODIFICATION**

10.     This Order may be modified by the Court sua sponte or upon motion by one or more parties for good cause shown.

IT IS SO ORDERED this 6th day of February, 2026.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**WE SO MOVE
and agree to abide by the
terms of this Order**

**WE SO MOVE
and agree to abide by the
terms of this Order**

*/s/ Kathryn Brack Morrow*
Kathryn Brack Morrow
Mann Morrow, PLLC
665 E. University Ave., Suite C
Las Cruces, NM 88005
Phone: 915-226-0400
Katy.Morrow@MannMorrow.com

-and-

*/s/ Thomas F. Zych*
Thomas F. Zych (0019942) (*pro hac vice*)
Tom.Zych@ThompsonHine.com
Mark R. Butscha, Jr. (0088854) (*pro hac vice*)
Mark.Butscha@ThompsonHine.com
Caitlin R. Thomas (0093847) (*pro hac vice*)
Caitlin.Thomas@ThompsonHine.com
**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, Ohio 44114-1291
Phone: 216-566-5500
Fax: 216-566-5800

*Attorneys for Plaintiff/Counterclaim-Defendant Rawson Inc.*

*/s/ Melanie B. Stambaugh*
Melanie B. Stambaugh
P.O. Box 1888
Albuquerque, NM 87103
Telephone:   (505) 765-5900
Facsimile:   (505) 768-7395
E-mail: mstambaugh@rodey.com

- and -

*/s/ Michelle Fischer*
Michelle Fischer (pro hac vice)
Jacqueline Pasek (pro hac vice)
Patricia Ochman (pro hac vice)
Caitlin Dunnett Britton (pro hac vice)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: 216-586-3939
Facsimile: 216-579-0212
Email:  mfischer@jonesday.com
            jmpasek@jonesday.com
            pochman@jonesday.com
            cdunnettbritton@jonesday.com

*Attorneys for Defendant/Counterclaim-Plaintiff Associated Materials, LLC*

5

# APPENDIX A
# <u>METADATA FIELDS</u>

1. **Bates Begin**

2. **Bates End**

3. **Beg Attach**

4. **End Attach**

5. **Custodian**

6. **Alternative Custodian**

7. **File Name**

8. **File Extension**

9. **Email From**

10. **Email To**

11. **Email CC**

12. **Email BCC**

13. **Email Subject**

14. **Email Date Sent**

15. **Email Time Sent**

16. **Email Date Received**

17. **Email Time Received**

18. **Time Zone**

19. **Author**

20. **Date Modified**

21. **Time Modified**